IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ,<br><br>                      Petitioner,<br><br>   v.<br><br>TIM VIRGA, Warden,<br><br>                      Respondent. | **Case No. 1:12-cv-01784 AWI MJS (HC)**<br><br>**ORDER REGARDING MOTION TO AMEND AND MOTIONS FOR DISCOVERY**<br><br>**(Docs. 19, 26-27, 29)** |

      Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed his petition on November 1, 2012. (Pet., ECF No. 1.) The Court ordered Respondent to file a response to the petition. (Order, ECF No. 7.) On January 24, 2013, Petitioner filed a first amended petition for writ of habeas corpus and on January 31, 2012, Petitioner filed a motion to amend the Petition. (ECF Nos. 19, 30.) Respondent filed an answer to the petition on March 5, 2013. (Answer, ECF No. 24.)

      Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:

(a) Amendments Before Trial.

  (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

1

      (A) 21 days after serving it, or

      (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Petitioner filed his first amended petition and motion to amend the petition before a responsive pleading was due. Therefore, Petitioner is entitled to amendment as a matter of course.

Accordingly, Petitioner's motion to file an amended petition is GRANTED.

However, despite the January, 24, 2012, filing, Court administrative error prevented the amended petition from being electronically filed on the Court docket until April 9, 2013. By that date, Respondent's answer had been filed.

Respondent's answer to the original petition shall be deemed an answer to the amended petition unless, after review, the Court finds that it does not address all issues in the amended petition. In that event, the Court will give Respondent leave to address any new issues in the amended petition.

Petitioner has also filed three motions for discovery and for copies of state court records. (See ECF Nos. 26-27, 29.) This Court, in reviewing Petitioner's claims and determining if the state court decision was reasonable, may only rely upon the record before the state court. See Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). As Petitioner has already filed the petition and traverse, the discovery he seeks would not assist him in his preparation. Further, Respondent is required to provide the Court with relevant state court records. Thus, since the requested discovery would not assist Petitioner or the Court at this time, Petitioner's requests are DENIED without prejudice. Upon review of the petition, the Court shall determine if further discovery is necessary in determining the merits of Petitioner's claims.

///

///

Accordingly, IT IS HEREBY ORDERED that:

1) Petitioner's motion to amend (Doc. 19) is GRANTED; and,

2) Petitioner's requests for discovery are denied without prejudice. (Docs. 26-27, 29).


IT IS SO ORDERED.

Dated:   August 30, 2013          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE