IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ,<br><br>                Petitioner,<br><br>   v.<br><br>CONNIE GIPSON, Warden,<br><br>                Respondent. | **Case No. 1:12-cv-01784 AWI MJS (HC)**<br><br>**ORDER DENYING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 39)** |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On November 1, 2012, Petitioner filed a petition for writ of habeas corpus. (Pet., ECF No. 1.) On January 31, 2013, Petitioner filed a motion to amend along with a first amended petition for writ of habeas corpus. (ECF Nos. 19, 30.) The Court granted the motion to amend, and Respondent filed an answer to the petition on March 5, 2013. (Answer, ECF No. 24.) On February 10, 2015, the Court issued findings and a recommendation to deny the first amended petition. (ECF No. 38.)

    A week later on February 17, 2015, the Court received a motion to amend the petition for writ of habeas corpus, along with a copy of a second amended petition. The motion was dated on February 2, 2015, prior to the issuance of the findings and

1

recommendation to deny the first amended petition.

In the second amended petition, Petitioner includes two new claims, claims 9 and 10. In claim 9, Petitioner contends that the trial court violated his due process rights by allowing the prosecution to present false testimony at trial. In claim 10, Petitioner claims that his right to a fair trial was violated due to the presentation of an excessive amount of testimony regarding Petitioner's past criminal and gang related conduct.

Respondent argues that claim 9 of the amended petition is untimely and does not benefit from relation back to the filing of the original petition under Fed. Rule Civ. P. 15(c). Respondent also contends that claim 10 is identical to claim 1 of the operative petition, and that amendment of that claim would be futile. (O'ppn, ECF No. 42.) Petitioner, in his reply, agrees that claim 9 is untimely, and does not relate back. (Reply, ECF No. 45.) Petitioner argues that claim 10 only contains the same "core of operative facts" as claim 1, making relate back under Rule 15(c) proper, and that since the arguments are not identical as those previously presented, amendment should be allowed.

Based on Petitioner's admission that claim 9 is untimely, amendment as to that claim would be futile. The motion to amend with respect to claim 9 is therefore denied.

Comparing claim 1 of the first amended petition with newly presented claim 10, the Court finds them quite similar, if not identical. Respondent's answer to the petition and the Court's findings and recommendations, as previously prepared, would remain unchanged even if the proposed amendments were allowed. When reviewing state court judgments by way of a federal petition for writ of habeas corpus under AEDPA, the Court may only look to see whether the state court's ruling on the federal claims was unreasonable. See 28 U.S.C. § 2254(d). Based on this limited scope of review, the Court's determination of the claim would remain unchanged despite the rephrasing of Petitioner's arguments in his second amended petition.

///

///

1     Accordingly, the Court finds that amendment would be futile such that justice does not so require amendment under Fed. R. Civ. P. 15. IT IS HEREBY ORDERED that the Motion to Amend be DENIED.

IT IS SO ORDERED.

Dated:   September 14, 2015      /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE